In re Henry ZYNDORF and Sylvia Zyndorf, Debtors.

Edward F. ZOLTANSKI, Trustee, Plaintiff,

v.

Abbie AKST, et al., Defendants.

Bankruptcy No. 82–02188.
Adv. No. 85–0319.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 23, 1987.

Edward F. Zoltanski, Barry E. Savage, Toledo, Ohio, for plaintiff.

Gordon R. Barry, Toledo, Ohio, for defendants.

## OPINION AND ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on to be heard upon defendant Abbie Akst's motion for partial summary judgment. Upon consideration thereof, the court finds that defendant's motion is not well taken and should be denied.

### FACTS

On August 20, 1982, Debtors filed their voluntary petition in bankruptcy under Chapter 11. Their case was subsequently converted to a case under chapter 7 on November 16, 1983, and a trustee appointed. On November 15, 1985, the trustee filed the instant complaint to recover pref-

erential transfers. Plaintiff contends that Debtor Henry Zyndorf transferred his interest in certain partnerships to insiders, for inadequate consideration, within one year of Debtors' petition.

On July 17, 1987, defendant Abbie Akst (hereinafter defendant) filed a motion for partial summary judgment as to count 5 of plaintiff's complaint. Count 5 of plaintiff's complaint seeks judgment against Henry Zyndorf and Betty Fine, a general partnership and Abbie Akst on the basis that there was no consideration for the transfer of Debtor Henry Zyndorf's interest in the partnership; that if there was consideration, the transfer should be subordinated under 11 U.S.C. § 510; that the transfer may be avoided pursuant to 11 U.S.C. §§ 544 and 550; and that the transfer is voidable and fraudulent pursuant to chapter 1336 and 1775 of the Ohio Revised Code. Defendant contends, in the instant motion, that he purchased Debtor Henry Zyndorf's interest in the partnership 17 months prior to Debtors' petition for full value. The only document evidencing this transfer is an amended certificate of partnership filed in the county recorder's office on July 8, 1982 listing defendant as a partner. Although Betty Fine, the other partner in the Henry Zyndorf and Betty Fine Partnership, was also named as a defendant in this count, plaintiff has voluntarily dismissed her from the complaint.

## DISCUSSION

At the outset it is noted that Bankruptcy Rule 7056 makes Rule 56 of the Fed.R.Civ. P. applicable in the instant situation. Therefore, defendant's motion for partial summary judgment may be granted if defendant shows "that there is no genuine issue as to any material fact and that [defendant] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As previously stated, Defendant seeks partial summary judgment as to count 5 of plaintiff's complaint. That count seeks judgment against defendant pursuant to 11 U.S.C. §§ 510, 544(b) and 550.

■ Before discussing the effect of Debtor Henry Zyndorf's transfer, the court will analyze "what" was transferred. O.R. C. § 1775.23 defines the property rights of a partner as "his rights in specific partnership property, his interest in the partnership, and his right to participate in the management." Section 1775.25 states that "a partner's interest in the partnership is his share of the profits and surplus, and the same is personal property." "A partner's interest is thus a subset of a partner's entire partnership rights." *Fairway Development v. Title Ins. Co.*, 621 F.Supp. 120, 123 (D.C.Ohio 1985).

A generally accepted "principle of law is that any change in the personnel cf a partnership will result in its dissolution." *Id.* at 122 (citation omitted). However, O.R.C. § 1775.26 governing conveyance of a partner's interest provides:

> (A) A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled.

These sections, then, permit a partner to convey some but not all of his partnership rights without dissolving the partnership. *Fairway Development*, 621 F.Supp. at 124.

In the instant situation, defendant's affidavit of December 23, 1985, reflects that he purchased Debtor's ½ interest in the Henry Zyndorf and Betty Fine partnership in March, 1981 and that he was a 50% partner of that partnership. While Debtor could have assigned certain interests in the partnership to defendant, he could not have conveyed his entire partnership rights and make defendant a new partner in the Henry Zyndorf and Betty Fine partnership. Defendant could have acquired Debtor Henry's rights to share in the profits of the partnership, but defendant could not have

878

become a partner in the partnership based on these facts.

While the sharing of profits is evidence of a partnership relationship, O.R.C. § 1775.06(C) states that "the sharing of gross returns does not of itself establish partnership whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived." Another factor to consider is mutual agency and control. *See* O.R.C. § 1775.08. Defendant testified that he did not take care of any records; Debtor Henry Zyndorf kept the records. Deposition Transcript of Abbie Akst at 17 (*Zoltanski v. Akst,* Adv. No. 85–0319 filed Nov. 17, 1986). Also, Sharon Karnes, a bookkeeper of Debtors' various entities, testified that Debtor Henry Zyndorf endorsed checks payable to the Henry Zyndorf and Betty Fine partnership. Deposition Transcript of Sharon Karnes at 31 (*Zoltanski v. Zyndorf,* Adv. No. 84–0071 filed Aug. 18, 1987). Defendant was not, then, in control. A last factor to consider is co-ownership of the business and property used for partnership purposes. *See* O.R.C. § 1775.06(B). Little evidence on this point is presented.

Finally, a new partner cannot be admitted into an existing partnership except by consent of all parties. 13 O.Jur.3d *Business Relationships* § 932 (1979). In fact, Betty Fine was unaware that defendant had become a partner prior to June 16, 1982. Affidavit of Betty Fine filed Nov. 2, 1987. Thus, defendant could not have become a partner in the partnership absent Betty Fine's consent. Furthermore, the burden of proving the existence of a partnership is ordinarily on the party who asserts and relies on the fact of its existence. 13 O.Jur.3d *Business Relationships* § 1029 (1979). Defendant has not presented sufficient facts to persuade this court that he was a partner of Betty Fine. The court finds, then, that defendant did not become a partner in the partnership as a result of the transfer in issue. Rather, the court finds that Debtor Henry Zyndorf transferred his interest in sharing the profits to defendant.

■ Plaintiff contends that defendant's claim as a result of Debtor's transfer of his partnership interest should be subordinated under 11 U.S.C. § 510. The court finds that subsection (a) is inapplicable as no subordination agreement has been presented to the court. The court also finds subsection (b) inapposite on the facts of this case. Lastly, the conditions that must be satisfied before the court may exercise equitable subordination, pursuant to subsection (c), are:

(i) The claimant must have engaged in some type of inequitable conduct.

(ii) The misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant.

(iii) Equitable subordination must not be inconsistent with the provisions of the bankruptcy act.

3 *Collier on Bankruptcy* ¶ 510.05 at 510–10–11 (15th ed. 1987) (citations omitted). The facts as presented in the parties' briefs do not support equitable subordination of defendant's claim. While defendant may be entitled to partial summary judgment as a result of plaintiff's inability to prove his allegations supporting recovery under this section, defendant's motion may not be granted as plaintiff may be successful in obtaining judgment against defendant under 11 U.S.C. §§ 544, 547 and 548.

11 U.S.C. § 544(b) provides:

The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502 of this title or that is not allowable only under § 502(e) of this title.

This section permits the trustee to avoid a transfer that is voidable for fraud under applicable state law. 4 *Collier on Bankruptcy* ¶ 544.03 at 544–19 (15th ed. 1987). The trustee alleges that this section permits him to set aside the transfer as a fraudulent conveyance under chapter 1336 of the Ohio Revised Code.

O.R.C. § 1336.07 provides:

Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present or future creditors.

Ohio Rev.Code Ann. § 1336.07 (Anderson 1979).

Because actual intent to defraud is difficult to prove and seldom admitted, courts have traditionally designated various facts and circumstances as 'badges' or 'indicia' of fraud, which justify and require a court to set aside a conveyance as fraudulent to creditors.

*Matter of Maston*, 44 B.R. 880, 882 (Bkrtcy.S.D.Ohio 1984) (citation omitted). Indicia of fraud include the familial relationship between the transferor and transferee and the reservation of rights associated with the conveyed property. *Id.* at 882 (citations omitted). *See also* 24 O.Jur.3d *Creditors' Rights* § 759 (1980).

Defendant is Debtor Sylvia Zyndorf's brother-in-law. Thus, an indicia of fraud exists as a result of the familial relationship between the transferor and transferee. Additionally, defendant testified that Debtor Henry Zyndorf kept the books and records of the Henry Zyndorf and Betty Fine partnership from March, 1981 until September, 1984. Deposition Transcript of Abbie Akst at 17 (*Zoltanski v. Akst*, Adv. No. 85–0319 filed Nov. 17, 1986). Thus, Debtor Henry Zyndorf reserved rights associated with the conveyance of his partnership interest. Due to the presence of "badges" of fraud, the court is persuaded that the transfer may have been fraudulent as to Debtors' creditors. Defendant's motion for partial summary judgment should be denied as defendant is not entitled to judgment as a matter of law.

Plaintiff may also be successful in seeking recovery under O.R.C. §§ 1336.04 and 1336.06 which render a conveyance fraudulent if the conveyance is made without fair consideration, as defined in § 1336.03. Although the parties agree that defendant Akst purchased Debtor Henry Zyndorf's partnership interest by forgiving a $10,000 debt and by tendering an additional $15,-

000, the parties have not stipulated as to the fair market value of that interest. The conveyance may not be deemed fraudulent, then, on the record before this court. Alternatively, a conveyance may be fraudulent pursuant to O.R.C. § 1336.07 if the conveyance was made with actual intent to hinder, delay, or defraud creditors. Again, Debtor's intent in transferring this interest may not be determined on this record. Because genuine issues of fact exist regarding the fair market value of the partnership interest and Debtor Henry's intent, defendant's motion should be denied.

Plaintiff also seeks recovery pursuant to 11 U.S.C. § 550 which permits the trustee to recover the property transferred or the value of such property if the transfer is avoided under § 544, 547 or 548. 11 U.S.C. § 550(a). Because the court finds that Debtor's transfer of his partnership interest may be avoided under § 544, 547 or 548, plaintiff may be successful in recovering the value of the property transferred from defendant. Therefore, defendant's motion for partial summary judgment is not well taken and should be denied.

■ Plaintiff states that if defendant became a partner, then plaintiff would move to amend his complaint to seek recovery pursuant to 11 U.S.C. § 547(b)(4)(A). Memorandum in Opposition to: Motion for Partial Summary Judgment at 1. Although the court finds that defendant did not become a partner, the court will, nevertheless, briefly discuss this section as a viable theory of recovery.

Section 547(b) permits the trustee to avoid the transfer of an interest of the Debtor in property—

1. to or for the benefit of a creditor;
2. for or on account of an antecedent debt;
3. made while the debtor was insolvent;
4. made within 90 days or one year before the petition;
5. which enables the creditor to receive more than he would have received under [certain circumstances.]

It is obvious that Debtor Henry Zyndorf transferred his interest in the partnership

to defendant, a creditor. It is also uncontested that defendant forgave a $10,000 debt in conjunction with this transfer. However, genuine issues of material fact exist, including whether Debtors were insolvent at the time of the transfer. The parties also dispute the date of the transfer. The parties do not dispute that defendant is an "insider" as defined by the bankruptcy code. Defendant's Motion for Partial Summary Judgment at 2. Therefore, 11 U.S.C. § 547(b)(4)(B) provides the preferential time frame.

Because Debtor Henry Zyndorf transferred his interest in a partnership, § 547(e)(1)(B) governs the date of transfer and states:

> a transfer of ... property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

The necessary elements of perfection are governed by state law. 4 *Collier on Bankruptcy* ¶ 547.19, at 547–73 (15th ed. 1987).

The purpose of chapter 1777, governing partnerships, is to "advise those dealing with such a partnership as to who the partners are, so that such persons may be able to enforce their rights against both the partnership and its members." 13 O.Jur.3d *Business Relationships* § 946 (1979). A creditor, then, would assume that Debtor Henry Zyndorf was a partner of the partnership until the amended certificate of partnership was filed on July 8, 1982. This date is, then, the operative date for purposes of § 547. Therefore, defendant's motion is not well taken as there exists issues of material fact and defendant is not entitled to judgment as a matter of law.

Plaintiff also indicates that recovery may be sought under 11 U.S.C. § 548(a) governing fraudulent transfers. Plaintiff's Pretrial Brief at 8. Section 548(a) permits the trustee to avoid a transfer of the Debtor if the Debtor "made such transfer ... with actual intent to hinder, delay, or defraud" or "received less than a reasonably equivalent value" or "was insolvent ... or became insolvent as a result of such trans-

fer." As previously stated, genuine issues of fact exist regarding Debtors' intent and the fair market value of the interest transferred. In light of the foregoing, it is therefore

ORDERED that defendant Abbie Akst's motion for partial summary judgment be, and it hereby is, denied.